IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | | |
|---|---|---|
| ROBERT BAKER, | ) | 4:14CV3051 |
| Plaintiff, | ) ) ) | |
| v. | ) ) | **MEMORANDUM AND ORDER** |
| LOU ANN NENEMAN, CITY OF OMAHA, and BRUCE HOLCOMB, M.D., | ) ) ) ) ) | |
| Defendants. | ) | |

    This matter is before the court on correspondence (Filing No. 13) filed by Plaintiff Robert Baker. In relevant part, Baker writes: "If it is possible to recover what I've paid towards the filing fee and stop taking funds for filing fee, then I would like to withdraw my complaint."

    Under the Prison Litigation Reform Act, an indigent inmate who files a lawsuit in federal court must pay the $350.00 filing fee, first by making an initial partial payment and then by sending the remainder of the fee to the court in installments. The method for collecting the filing fee from a prisoner is specifically provided for in 28 U.S.C. § 1915(b). Section 1915(b) is written in mandatory terms ("the prisoner shall be required to pay"), leaving no discretion to the district court to waive an in forma pauperis prisoner's filing fee. Moreover, the Prison Litigation Reform Act makes prisoners responsible for their filing fees the moment the prisoner brings a civil action or files an appeal, even if the case is dismissed at a later time. *See In re Tyler*, 110 F.3d 528, 529-30 (8th Cir. 1997). In other words, even if the court were to dismiss this action, Baker must pay the $350.00 filing fee so long as he remains a prisoner.

IT IS THEREFORE ORDERED that: Baker's request for a refund of the filing fee is denied. Baker may file a motion to voluntarily dismiss this action, but he will be responsible for payment of the filing fee even if this case is dismissed.

DATED this 1st day of October, 2014.

BY THE COURT:

s/ John M. Gerrard
United States District Judge

---

*This opinion may contain hyperlinks to other documents or Web sites.  The U.S. District Court for the District of Nebraska does not endorse, recommend, approve, or guarantee any third parties or the services or products they provide on their Web sites. Likewise, the court has no agreements with any of these third parties or their Web sites.  The court accepts no responsibility for the availability or functionality of any hyperlink.  Thus, the fact that a hyperlink ceases to work or directs the user to some other site does not affect the opinion of the court.