IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | | |
|---|---|---|
| ROBERT BAKER, | ) | 4:14CV3051 |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | **MEMORANDUM** |
| | ) | **AND ORDER** |
| LOU ANN NENEMAN, CITY OF OMAHA, and BRUCE HOLCOMB, M.D., | ) ) ) | |
| | ) | |
| Defendants. | ) | |

Plaintiff Robert Baker filed his Complaint (Filing No. 1) in this matter on March 12, 2014. Baker's Complaint is a civil rights action brought pursuant to 42 U.S.C. § 1983 in which he generally alleges medical personnel were deliberately indifferent to his serious medical needs and various officers with the Omaha Police Department failed to protect him from harm.

Baker alleged in the Complaint that he was assaulted by police officers on August 19, 2006,[1] while he was being arrested for theft of a vehicle. Police officers transported Baker to the hospital following his arrest where he was treated by Defendant Lou Ann Neneman, a nurse, and Defendant Bruce Holcomb, a doctor. Baker alleged Neneman and Holcomb failed to properly treat his injuries, and worked in conjunction with officers of the Omaha Police Department to violate his

---

[1] Baker previously asserted excessive-force claims in this court against three officers of the Omaha Police Department for injuries that occurred on August 19, 2006. (*See* Case No. 4:08-cv-03174-WKU-PRSE.)  The claims against the three officers were dismissed with prejudice on September 29, 2009, pursuant to a joint stipulation for dismissal with prejudice between Baker and the officers.  Indeed, this cause of action represents Baker's third attempt in this court to litigate claims arising from events that occurred on August 19, 2006.  (*See also* Case No. 8:06-cv-00655-WKU-PRSE.)

constitutional rights. Baker also alleged police officers failed to protect him from injuries inflicted by other officers. (Filing No. 1 at CM/ECF pp. 7-14.)

"Section 1983 does not supply its own statute of limitations; instead, [the court] borrow[s] the statute of limitations from state law." *Mountain Home Flight Serv. Inc. v. Baxter Cnty., Arkansas*, 758 F.3d 1038, 1044 (8th Cir. 2014). Under Nebraska law, the applicable statute of limitations for this action is four years. *See* Neb. Rev. Stat. § 25-207; *Bridgeman v. Nebraska State Penitentiary*, 849 F.2d 1076, 1077-78 (8th Cir. 1988). A court "may also *sua sponte* dismiss a complaint, before service, when an affirmative defense, such as the statute of limitations, is obvious from the complaint." *Anderson v. United Transp. Union*, No. 4:09-CV-00136-WRW, 2009 WL 529920, at * 1 (E.D.Ark. Mar. 2, 2009) (collecting cases).

Plaintiff alleged that on August 19, 2006, Neneman and Holcomb failed to properly treat his injuries. In addition, he alleged that law enforcement officers failed to protect him from injury inflicted by other officers. Absent equitable tolling of the limitations period, Plaintiff filed this action more than four years after the statute of limitations expired. Nebraska's tolling statute, Neb. Rev. Stat. § 25-213, provides that the limitations period may be tolled under certain circumstances, including for periods of imprisonment. *But see Gordon v. Connell*, 545 N.W.2d 722, 775 (Neb. 1996) ("[A] showing of a recognizable legal disability, separate from the mere fact of imprisonment, which prevents a person from protecting his or her rights is required to entitle a prisoner to have the statute of limitations tolled during imprisonment."). However, Plaintiff has not alleged that he is entitled to equitable tolling of the limitations period. Accordingly, the court will direct Plaintiff to show cause why this action should not be dismissed as untimely based on the applicable statute of limitations.

2

IT IS THEREFORE ORDERED that:

1.  Plaintiff shall, within 30 days of this Memorandum and Order, file a response with the court in which he shows cause why this case should not be dismissed as untimely under the applicable statute of limitations. Absent a showing of good cause, this case will be subject to dismissal without further notice.

2.  Failure to comply as directed will result in dismissal of this case for want of prosecution.

3.  The clerk's office is directed to set the following pro se case management deadline in this matter: January 5, 2015: check for Plaintiff's response.

DATED this 1st day of December, 2014.

BY THE COURT:

*s/ John M. Gerrard*
United States District Judge

---

*This opinion may contain hyperlinks to other documents or Web sites. The U.S. District Court for the District of Nebraska does not endorse, recommend, approve, or guarantee any third parties or the services or products they provide on their Web sites. Likewise, the court has no agreements with any of these third parties or their Web sites. The court accepts no responsibility for the availability or functionality of any hyperlink. Thus, the fact that a hyperlink ceases to work or directs the user to some other site does not affect the opinion of the court.