IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | | |
|---|---|---|
| ROBERT BAKER, | ) | 4:14CV3051 |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | **MEMORANDUM** |
| | ) | **AND ORDER** |
| LOU ANN NENEMAN, CITY OF OMAHA, and BRUCE HOLCOMB, M.D., | ) ) ) | |
| | ) | |
| Defendants. | ) | |

This matter is before the court on its own motion. For the reasons discussed below, the court will dismiss Plaintiff Robert Baker's ("Baker") claims against the defendants with prejudice.

## I. BACKGROUND

Baker filed his Complaint (Filing No. 1) against Neneman, Holcomb and the City of Omaha. He alleged officers with the Omaha Police Department assaulted him on August 19, 2006, in conjunction with his arrest for the theft of a vehicle. Police officers transported Baker to a hospital following his arrest where Holcomb and Neneman were apparently employed as a doctor and nurse, respectively. At the hospital, Neneman assisted a doctor—not Holcomb— in applying Dermabond to a cut on Baker's face. (Filing No. 1 at CM/ECF pp. 9-10.) At some point, Holcomb briefly examined the cut on Baker's face and then held a brief conversation with police officers in the hallway, which was "the extent of any contact [Baker] had with Dr. Holcomb." (*Id.* at CM/ECF p. 10.)

Baker alleged Neneman and Holcomb conspired with officers of the Omaha Police Department to deprive him of his constitutional rights. (*Id.* at CM/ECF p. 12.)

The crux of Baker's argument appears to be that Neneman and Holcomb failed to ascertain the severity of Baker's injuries following his arrest. Had they examined him further, they would have uncovered severe knee and head injuries. (*Id.* at CM/ECF p. 14.)

On December 1, 2014, the court ordered Baker to show cause why this action should not be dismissed as untimely based on the applicable statute of limitations. (Filing No. 15.) Baker filed a response (Filing No. 16) on December 15, 2014.

## II. DISCUSSION

Baker brings a cause of action under 42 U.S.C. § 1983 alleging conspiracy claims. It appears Baker may also be attempting to bring state-law professional negligence claims against Neneman and Holcomb. In either case, it is obvious from the Complaint that his claims are barred by the statute of limitations. A court "may *sua sponte* dismiss a complaint, before service, when an affirmative defense, such as the statute of limitations, is obvious from the complaint." *Anderson v. United Transp. Union*, No. 4:09-CV-00136-WRW, 2009 WL 529920, at * 1 (E.D.Ark. Mar. 2, 2009) (collecting cases).

### A.     42 U.S.C. § 1983

"Section 1983 does not supply its own statute of limitations; instead, [the court] borrow[s] the statute of limitations from state law." *Mountain Home Flight Serv. Inc. v. Baxter Cnty., Arkansas*, 758 F.3d 1038, 1044 (8th Cir. 2014). Under Nebraska law, the applicable statute of limitations for this action is four years. *See* Neb. Rev. Stat. § 25-207; *Bridgeman v. Nebraska State Penitentiary*, 849 F.2d 1076, 1077-78 (8th Cir. 1988).

Baker's cause of action accrued on August 19, 2006, the date on which Neneman and Holcomb allegedly conspired with police officers. Thus, he had until August 19, 2010, to file his § 1983 action. He did not file this action until March 12, 2014, more than three years and six months after the limitations period expired. Thus, absent equitable tolling of the limitations period (discussed below), Baker's § 1983 action is barred by the statute of limitations.

**B.    Medical Malpractice**

A medical malpractice cause of action in Nebraska must be commenced:

> within two years next after the alleged act or omission in rendering or failure to render professional services providing the basis for such action; *Provided*, if the cause of action is not discovered and could not be reasonably discovered within such two-year period, then the action may be commenced within one year from the date of such discovery or from the date of discovery of facts which would reasonably lead to such discovery, whichever is earlier[.]

Neb. Rev. Stat. § 25-222.

The Nebraska Supreme Court has concluded that discovery in this context "occurs when the party knows of facts sufficient to put a person of ordinary intelligence and prudence on inquiry which, if pursued, would lead to the discovery of facts constituting the basis of the cause of action." *Gordon v. Connell*, 545 N.W.2d 722, 726 (Neb. 1996). In addition, "one need not know the full extent of one's damages before the limitations period begins to run, as a statute of limitations can be triggered at some time before the full extent of damages is sustained." *Id.*

It is obvious from Baker's Complaint that he "discovered" his injuries within the two-year limitations period of § 25-222. Baker essentially alleges Holcomb and Neneman did not do enough to diagnose his injuries on August 19, 2006, when he was

admitted to the emergency room where they were working. Baker alleged in his Complaint that, on that date, "[a] layman could see [he] had serious head wounds and bleeding profusely" and "[a] layman could see [he] had trouble walking." (Filing No. 1 at CM/ECF p. 8.) Thus, he knew on that date that he had injuries and Holcomb and Neneman were allegedly negligent in treating his injuries. While Baker may not have known the full extent of the damage to his knee and head on that date, he knew he had been injured.

Baker's cause of action for medical malpractice accrued on August 19, 2006. Thus, he had until August 19, 2008, to file his malpractice action. He did not file this action until March 12, 2014, more than five years after the limitations period expired. Thus, absent equitable tolling of the limitations period, Baker's medical malpractice action is also barred by the statute of limitations.[1]

## C.  Equitable Tolling

Nebraska's tolling statute, Neb. Rev. Stat. § 25-213, provides that the limitations period may be tolled under certain circumstances, including for periods of imprisonment. The Nebraska Supreme Court has concluded that "a showing of a recognizable legal disability, separate from the mere fact of imprisonment, which

---

[1]This cause of action represents Baker's's third attempt in this court to litigate claims arising from events that occurred on August 19, 2006. The Nebraska savings clause statute, Neb. Rev. Stat. § 25-201.01, allows certain cases to be brought outside the statute of limitations where there was a previous action—i.e., an original action— that was filed within the limitations period and was dismissed after the expiration of the limitations period. Under the saving clause, a plaintiff may refile within six months or a period of time equal to the limitations period, whichever is *shorter*. Neb. Rev. Stat. § 25-201.01(3). Thus, even assuming § 25-201.01 otherwise applies, it does not toll the statute of limitations here because Plaintiff did not file this action within six months of the dismissal of the previous actions. (*See* Case Nos. 8:06-cv-00655-WKU-PRSE; 4:08-cv-03174-WKU-PRSE.)

prevents a person from protecting his or her rights is required to . . . have the statute of limitations tolled during imprisonment." *Gordon v. Connell*, 545 N.W.2d 722, 775-76 (Neb. 1996).

Baker argues he was unable to prosecute these claims earlier because he was unable to receive proper medical treatment as a result of his incarceration at the Douglas County Jail. The court fails to see how Baker's alleged inability to receive proper medical treatment constitutes a legal disability that prevented him from filing suit within the applicable limitations period. This is particularly so because Baker filed two actions in this court litigating similar claims *within* the applicable limitations period while he was incarcerated in the Douglas County Jail. (*See* Case Nos. 8:06-cv-00655-WKU-PRSE; 4:08-cv-03174-WKU-PRSE.)

Baker has not demonstrated any legal disability separate from the mere fact of his imprisonment. In addition, he has not demonstrated any other reason to toll the statute of limitations. Therefore, he is not entitled to equitable tolling of the limitations period.

IT IS THEREFORE ORDERED that:

1. Baker's Complaint is dismissed with prejudice because his claims were not filed within the relevant statutes of limitation.

2. A separate judgment will be entered in accordance with this order.

DATED this 23rd day of February, 2015.

BY THE COURT:

*s/ John M. Gerrard*
United States District Judge

---

\*This opinion may contain hyperlinks to other documents or Web sites. The U.S. District Court for the District of Nebraska does not endorse, recommend, approve, or guarantee any third parties or the services or products they provide on their Web sites. Likewise, the court has no agreements with any of these third parties or their Web sites. The court accepts no responsibility for the availability or functionality of any hyperlink. Thus, the fact that a hyperlink ceases to work or directs the user to some other site does not affect the opinion of the court.